## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CEDRIC FULLER, on Behalf of Himself** | § | |
| **and on Behalf of All Others Similarly** | § | |
| **Situated** | § | **CIVIL ACTION NO. 4:16-cv-03051** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ESG USA INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

### I.     SUMMARY

1.     Plaintiff Cedric Fuller (hereinafter "Plaintiff") brings this lawsuit as a collective action and class action against Defendant ESG USA Inc. ("Defendant") for violating the Fair Labor Standards Act ("FLSA."), the Pennsylvania Minimum Wage Act ("PMWA"), and the California Labor Code. Plaintiff seeks to represent all similarly situated workers throughout the country who were subject to the same illegal pay practices as Plaintiff as a collective action under the FLSA and all similarly situated workers in Pennsylvania and California as Rule 23 class actions under the respective laws of those states.

2.     In particular, Defendant knowingly and deliberately failed to compensate the Plaintiff and Class Members for their overtime hours at the rate of one and one-half times their regular rates of pay.

3.     Plaintiff worked for Defendant as a field operator.  Like the rest of Defendant's field employees, Defendant paid Plaintiff on an hourly basis plus a day rate for each day spent in

1

the field.  However, Defendant did not pay Plaintiff and its other field employees overtime.  Thus, Defendant misclassified Plaintiff and the Class Members as exempt from overtime.

4.      Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.  Consequently, Plaintiff is entitled to back pay, liquidated damages, attorneys' fees and court costs.

5.      Defendant implemented the same pay policies with respect to the Class Members.  Therefore, Plaintiff sues on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).  He requests that the court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

6.      Plaintiff performed work for Defendant in several states, including Texas, California, and Pennsylvania.  Just as Defendant's non-payment of overtime violates the FLSA, so too does that conduct violate the laws of Pennsylvania and California.  Accordingly, Plaintiff brings his claims under California and Pennsylvania law as Rule 23 class actions on behalf of himself and on behalf of other similarly situated employees that performed work for Defendant in those states.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

7.      This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

2

8.      This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same or controversy.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

### III.    PARTIES AND PERSONAL JURISDICTION

10.      Plaintiff Cedric Fuller is an individual currently residing in Fort Bend County, Texas.  His written consent to this action is attached hereto as Exhibit "A."

11.      The "FLSA Class Members" are all of Defendant's current and former employees who were paid an hourly rate of pay without receiving overtime at the rate of time and half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit.

12.      The "California Class Members" are all of Defendant's current and former employees who were paid an hourly rate of pay without receiving overtime at the rate of time and half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit in California.

13.      The "Pennsylvania Class Members" are all of Defendant's current and former employees who were paid an hourly rate of pay without receiving overtime at the rate of time and half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit in Pennsylvania.

14.      The FLSA Class Members, California Class Members, and Pennsylvania Class Members are collectively referred to as "Class Members."

3

15.     Defendant ESG USA Inc. is a corporation organized under the laws of Delaware and headquartered in Houston, Texas.  Defendant may be served process through its registered agent CT Corporation System, 1999 Bryant St., Suite 900, Dallas, Texas 75201.

16.     Defendant does business throughout Texas, including in this District.

## IV.     FLSA COVERAGE

17.     At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

18.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA,  29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19.     At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

20.     At all material times, Plaintiff and Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V.     FACTS

21.     Defendant is an oilfield services company that provides seismic monitoring services to energy exploration companies.  It provides the tools necessary to conduct monitoring activities during drilling and fracturing operations. Defendant also provides its employees to customers to operate and maintain the tools and machinery used during the drilling and fracturing operations.

22. Defendant provides its services nationwide, including in Texas, Pennsylvania, California, Colorado, and North Dakota.

23. Plaintiff Fuller was employed by Defendant from approximately April of 2012 to April 2014. He worked for Defendant in Texas, California, and Pennsylvania.

24. Plaintiff's job title was field operator.

25. In this job, Plaintiff was a manual laborer that performed rig up/rig down work at well sites and operated equipment at the well sites. Plaintiff worked long hours outdoors, exposed to the elements.

26. The Class Members were also manual laborers and performed similar duties as Plaintiff.

27. Defendant paid Plaintiff on an hourly basis plus a day rate for each day spent in the field. However, Defendant did not pay Plaintiff overtime at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek or when working more than 8 hours in a day.

28. Likewise, Defendant paid the Class Members on an hourly basis plus a day rate for each day spent in the field. However, Defendant did not pay the Class Members overtime at the rate of time and one half their regular rates of pay for all hours worked over 40 in a workweek or when working more than 8 hours in a day.

29. The Plaintiff and Class Members regularly worked more than 40 hours in a workweek and more than 8 hours in a day. In fact, working 60 hour weeks or more was common.

30. The day rate issued to the Plaintiff and Class Members constitutes wages that must be included in the regular rate of pay for purposes of calculating overtime pay.

31.     The Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA, California law, or Pennsylvania law.

32.     Defendant's method of paying Plaintiff and Class Members in violation of the FLSA, California law, and Pennsylvania law was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

33.     No exemption exists under the FLSA, California law, or Pennsylvania law that allows Defendant to deny overtime to the Plaintiff and Class Members.

34.     None of the exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis as required under 29 U.S.C. § 213(a)(1).

35.     Additionally, the primary duty of the Plaintiff and Class Members is not to supervise other employees or manage a customarily recognized department of Defendant's company.

36.     The Plaintiff and Class Members have no authority to hire or fire other employees.

37.     The primary duty of the Plaintiff and Class Members is to perform work related to Defendant's core business, not the management of the company's operations.

38.     The primary duty of the Plaintiff and Class Members does not require independent judgment or discretion.

39.     The primary duty of the Plaintiff and Class Members is not computer-systems analysts, computer programmers, software engineers, or other similar employees.

40.     As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime pay.

41.     Defendant knew, or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law.  In particular, Defendant is a large company that knew about the requirement to pay overtime pay.  The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## VI.     COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all employees who were paid an hourly rate of pay without receiving overtime at the rate of time and half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit.

43.     Plaintiff has actual knowledge, through his own work experience and through interaction with his coworkers that a class of similarly situated workers exist who have been subjected to Defendant's policy of failing to pay overtime.

44.     Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendant without additional compensation being paid as required under the FLSA.

45.     Defendant's failure to pay overtime required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

46.     The experience of Plaintiff, with respect to his employment classification and pay, is typical of other field employees across Defendant's business.

47.     The specific job titles or precise job responsibilities of each Class Member do not foreclose collective treatment.

48.     Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

49.     The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

50.     The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

51.     Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

52.     The class of similarly situated employees is properly defined as follows:

**The Class Members are all employees who were paid an hourly rate of pay without receiving overtime at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit.**

## VII.     CLASS ACTION ALLEGATIONS

53.     Plaintiff incorporates by reference the foregoing paragraphs.

54.     Plaintiff sues on his own behalf and on behalf of the California and Pennsylvania Class Members pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

55.     Defendant violated the California Labor Code and the PMWA by failing to pay overtime at the legally mandated rate of time and one half the regular rate of pay for all hours worked over 40 in a workweek and more than 8 hours in a day in California.

56.     The California and Pennsylvania Class Members are so numerous that joinder of all members is impracticable.  The number of Class Members of each class is believed to number over 50 employees.  These similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

57.     There are common questions of law and fact common to the members of the California and Pennsylvania Class that predominate over any questions solely affecting the individual members of the Class, including, without limitation:

a.   Whether Defendant failed to pay Plaintiff, the California Class Members, and Pennsylvania Class Members the legally required overtime pay for hours worked in excess of forty hours per week;

b.   Whether Defendant failed to pay Plaintiff and the California Class Members the legally required overtime pay for hours worked in excess of 8 in a day;

c.   Whether Defendant failed to provide the statutorily authorized meal and rest breaks;

d.   The extent of the compensable time worked by Plaintiff, the California Class Members, and Pennsylvania Class Members;

e.   The proper measure of damages sustained by Plaintiff, the California Class Members, and the Pennsylvania Class Members; and

f.   Whether Defendant is liable for all damages claimed by Plaintiff, the California Class Members, and Pennsylvania Class Members, including, without limitation, compensatory, interest, costs, and attorneys' fees.

58.     Plaintiff's claims are typical of the claims of the California Class Members and Pennsylvania Class Members.  Plaintiff and the California Class Members and Pennsylvania Class Members work or have worked for Defendant in the same job classification, performing

substantially the same work, and have been subjected to common practices and policies of failing to properly pay overtime.

59.     Defendant acted or refused to act on grounds generally applicable to the California Class Members and the Pennsylvania Class Members as a whole by engaging in the same violations of law with respect to the California Class Members and the Pennsylvania Class Members, thereby making any final relief appropriate with respect to the California Class Members and Pennsylvania Class as a whole.

60.     Plaintiff will fairly and adequately represent and protect the interests of the Classes.

61.     Plaintiff has retained counsel competent and experienced in complex wage and hour litigation and class and collective action litigation.

62.     The California Class Members and Pennsylvania Class Members have been damaged as a result of Defendant's common and uniform policies, practices, and procedures.

63.     A Class Action is superior to other available methods for the fair and efficient adjudication of this case, particularly in the context of wage litigation such as the instant case where individual workers lack the financial resources to vigorously prosecute a lawsuit in federal court against a large company, such as Defendant.

64.     Furthermore, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

65.     The class of similarly situated workers for the Pennsylvania Class may be defined as follows:

> **All employees who were paid an hourly rate of pay without receiving overtime at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit in Pennsylvania.**

66.     The Class of similarly situated workers for the California Class may be defined as follows:

> **All employees who were paid an hourly rate of pay without receiving overtime at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three year period prior to the filing of this lawsuit in California.**

## VIII.   CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

67.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

68.     This cause of action arises from Defendant's violation of the FLSA for the failure to pay Plaintiff and FLSA Class Members overtime.

69.     For each hour worked in excess of forty (40) each week, Plaintiff and FLSA Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

70.     By failing to pay overtime based on that formula, Defendant has violated and continues to violate the FLSA.

71.     No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiff and FLSA Class Members.

72.     Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the

FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

**COUNT II**
**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**FAILURE TO PAY OVERTIME**
**(CLASS ACTION ON BEHALF OF THE PENNSYLVANIA CLASS MEMBERS)**

73. Plaintiff incorporates the preceding paragraphs by reference.

74. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

75. Defendant failed to pay overtime to Plaintiff and the Pennsylvania Class Members.

76. Due to Defendant's PMWA violations, Plaintiff and the Pennsylvania Class Members are entitled to recover from Defendant their unpaid overtime compensation for all hours worked by them in excess of forty in a workweek and reasonable attorney's fees and costs, and interest pursuant to the PMWA.

**COUNT III**
**VIOLATION OF THE CALIFORNIA LABOR CODE**
**FAILURE TO PAY OVERTIME**
**(CLASS ACTION ON BEHALF OF THE CALIFORNIA CLASS MEMBERS)**

77. Plaintiff incorporates the preceding paragraphs by reference.

78. California Labor Code §§ 510 and 11198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours working in excess of eight hours in workday up to twelve hours in a workday, in excess of forty hours in a workweek, and for the first eight hours of work on the seventh consecutive day of a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in

excess of twelve hours in a workday, and in excess of eight hours on the seventh consecutive day of work in a workweek.

79.     At all relevant times, Plaintiff and the California Class Members regularly worked in excess of eight hours in a workday and/or in excess of forty hours in a workweek.

80.     Defendant intentionally, maliciously, fraudulently and with the intent to deprive Plaintiff and the California Class of their ability to earn a living so as to reduce its labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by misclassifying Plaintiff and the California Class as exempt employees or otherwise not paying the legally required amount of overtime.

81.     Plaintiff and the California Class are entitled to receive overtime compensation at their lawful rate of pay.  Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of California Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

82.     Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing thereon, including interest, penalties, reasonable attorneys' fees, and costs of suit pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as is required under California law.

## COUNT IV
### VIOLATION OF THE CALIFORNIA LABOR CODE
### VIOLATION OF THE MEAL AND REST PERIOD PROVISIONS
### (CLASS ACTION ON BEHALF OF THE CALIFORNIA CLASS MEMBERS)

83.     Plaintiff incorporates the preceding paragraphs by reference.

84.     California Labor Code § 512 and IWC Wage Order No. 4 § 11(A) and (B) provide that an employer may not employ a person for a work period of more than five hours without

providing the employee with a meal period of not less than 30 minutes and may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.

85.     At all relevant times, Plaintiff and the California Class Members consistently worked in excess of five or ten hours in day.

86.     Defendant purposefully elected not to provide meal periods to Plaintiff and the California Class Members, and Defendant acted willfully, oppressively, and in conscious disregard of the rights of Plaintiff and the California Class Members in failing to do so.

87.     Defendant also did not properly maintain records pertaining to when Plaintiff and the California Class began and ended each meal period, in violation of California Labor Code § 1174 and IWC Wage Order No. 4 § 7(A).

88.     As a result of Defendant's knowing, willful, and intentional failure to provide meal breaks, Plaintiff and the California Class Members are entitled to recover one additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), and penalties, reasonable attorneys' fees, and costs pursuant to California Labor Code § 218.5.

89.     In addition, the California Class Members regularly worked and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and IWC Wage Order No. 4, § 12.

90.     As a result of Defendant's failure to afford proper rest period, they are liable to Plaintiff and the California Class Members for one hour of additional pay at the regular rate of

compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and IWC Wage Order No. 4, § 12(b).

**COUNT V**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(CLASS ACTION ON BEHALF OF THE CALIFORNIA CLASS MEMBERS)**

91.     Plaintiff incorporates the preceding paragraphs by reference.

92.     Defendant engaged and continues to engage in unfair business practices in California by practicing, employing, and utilizing the unlawful practices described above, including (a) requiring its employees to work overtime without lawful premium compensation and (b) failing to provide lawful meal or rest breaks or premium compensation in lieu thereof.

93.     In addition, the conduct alleged in each of the previously stated causes of action constitutes an unlawful and unfair business practice within the meaning of California Business & Professions Code § 17200, et seq.

94.     As a result of Defendant's conduct, Plaintiff and the California Class have been harmed as described in the allegations set forth above.

95.     The actions described above constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, et seq. By and through such unfair, unlawful, and/or fraudulent business practices, Defendant has obtained valuable property, money, and services from Plaintiff and the California Class Members and have deprived Plaintiff and the California Class Members of fundamental rights and privileges guaranteed to all employees under California law.

96.     Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other business providing similar services which routinely comply with the requirements of California

15

law.

97.     Plaintiff seeks, on his own behalf and on behalf of the California Class, full restitution of all monies withheld, acquired, and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgements of all profits acquired by Defendant by means of the acts and practices described herein.

## IX.     JURY DEMAND

98.     Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X.     PRAYER FOR RELIEF

99.     For these reasons, Plaintiff respectfully request that judgment be entered in favor of himself and the Class Members, awarding them:

   a.   Overtime compensation for all hour worked in excess of forty (40) hours per week and 8 hours per day in California at the rate of one and one-half times their regular rates of pay;

   b.   An equal amount of their unpaid overtime premiums as liquidated damages;

   c.   Penalty damages and interest;

   d.   Reasonable attorneys' fees, costs, and expenses of this action; and

   e.   Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    Texas Bar No. 24050022
    KENNEDY HODGES, L.L.P.
    4409 Montrose Blvd, Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

    Anthony J. Lazzaro
    Ohio Bar No. 0077962
    *Will apply for admission Pro Hac Vice*
    THE LAZZARO LAW FIRM, LLC
    920 Rockefeller Building
    614 W. Superior Avenue
    Cleveland, Ohio 44113
    Phone:  216-696-5000
    Facsimile:  216-696-7005
    anthony@lazzarolaw.com

*Attorneys for Plaintiff and Class Members*